**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**THOMAS SCHUSTER, Defendant**

High Court of American Samoa
Trial Division

CR No. 5-93

August 3, 1993

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and BETHAM, Associate Judge.

---

[1] Under A.S.C.A. § 37.0202, the Territorial Registrar is statutorily both a member and the secretary of the Land Commission.

Counsel: For Plaintiff, Malaetasi M. Togafau, Attorney General
For Defendant, Steven H. Watson

On Motion for New Trial:

Defendant has brought a motion for new trial on several grounds.

## I. Fair and Impartial Jury

Defendant reasserts his pre-trial argument that he was entitled to a jury containing foreign citizens (namely, Western Samoans) in proportion to their demographic presence in American Samoa. He restates his opinion that the absence of such foreign citizens prevented him from receiving a trial by a fair and impartial jury of his peers, as guaranteed by the Sixth Amendment of the United States Constitution. Defendant, rather unsurprisingly, can cite no precedent, statutory or Constitutional authority for such an unusual (and somewhat strained) argument.[1] As we held before, so shall we hold now. There simply is no right for a citizen of another country to be tried in this territory in front of a jury of his compatriots.

## II. Severance

Defendant claims fatally prejudicial error in the failure to completely sever his trial from those of his co-defendants. He repeats the same arguments made earlier in pre-trial motions. We repeat our opinion on that motion and find no prejudicial error.

## III. Photographic Evidence

The trial court exercised its discretion in ruling on the admissibility of the photographs of the deceased--rejecting some, admitting others. We found the admitted photographs to be not overly prejudicial at trial. Defendant brings forward nothing which would cause us to reform that opinion.

---

[1] A.S.C.A. § 46.1504(1) disqualifies non-United States nationals from jury service.

## IV. Evidence of DUI Judgment

The DUI judgment obtained in a separate action against one of the prosecution's witnesses was properly excluded under T.C.R.Ev. Rule 609. Defendant asserts no abuse of discretion in the decision to exclude this evidence. Absent an allegation of abuse of discretion, the decision remains firm.

## V. Coerciveness of Jury Deliberations

The essence of Defendant's argument is that the jury was coerced into handing down a verdict because they were afraid that they would have to ruin their weekend by spending it in the courthouse, deliberating. We have greater faith in the ability of the jury to fully appreciate the severity and gravity of their charge and to carry it out with diligence. The jury is entitled to this presumption, and nothing defendant states is sufficient to overcome this presumption.

## VI. Lack of Factual Basis for Finding of Guilt

This final argument rests on speculation of the jury's thoughts. The jury has, however, handed down its verdict. How it reached that decision, what it believed or did not believe, is not for the court to question, absent an allegation of corruption or the like. Defendant makes no such suggestion.

The motion for new trial is, therefore, DENIED.

It is so ordered.